UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>SHORT STAFFED INC., DAYS INN, and JAYVADAN PATEL,<br><br>Defendants. | 4:24-CV-04203-ECS<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |

Plaintiff, Charles Ray Johnson, filed a pro se lawsuit against Defendants Jayvadan Patel ("Patel"), Days Inn, and Short Staffed Inc. ("Short Staffed"). Doc. 1. He also moved for leave to proceed in forma pauperis. Doc. 4.

I.  **Motion for Leave to Proceed In Forma Pauperis**

Usually, all litigants initiating a civil lawsuit in federal court must pay a filing fee of $405. 28 U.S.C. § 1914(a); Fee Schedule, U.S. Dist. Ct. Dist. of S.D. (Dec. 1, 2023), https://www.sdd.uscourts.gov/2017fees. The court may permit the filing of a civil action without payment of the filing fee if the litigant applies to proceed in forma pauperis and shows that he or she is financially unable to pay the filing fee without serious hardship. 28 U.S.C. § 1915(a). Whether to grant a litigant's motion to proceed in forma pauperis is a matter left to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). In exercising this discretion, the court "must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or

force him [or her] to abandon the action." Davis v. NYS Dep't of Lab., 21-CV-690, 2021 WL 9455716, at *1 (W.D.N.Y June 28, 2021) (alteration in original) (quoting Singer v. Cuscovitch, No. 07-CV-578, 2007 WL 1810085, at *1 (D. Conn. May 14, 2007)). That said, in forma pauperis status is not reserved only for those instances when paying the filing fee would leave the plaintiff absolutely destitute. See, e.g., Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Yet proceeding in forma pauperis is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). A court "must be rigorous [in its analysis] . . . to ensure that the treasury is not unduly imposed upon." In re Mock, 252 F. App'x 522, 523 (3d Cir. 2007) (second alteration in original) (quoting Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989)).

A court may deny a motion for leave to proceed in forma pauperis when the plaintiff submits an incomplete application—for example, when the plaintiff's application lists no expenses. See Davis, 2021 WL 9455716, at *2; Gooch v. Mission Lane, CV 323-086, 2023 WL 8696337, at *1, 3 (S.D. Ga. Oct. 31, 2023) (denying IFP application when plaintiff does not list expenses for food, clothing, or other essentials, even when other expenses are listed); Stephens v. Principle, No. 24-952, 2024 WL 4008236, at *1–2 (W.D. Pa. Aug. 30, 2024) (denying in forma pauperis when application "lists no monthly expenses, dependents, debts, or financial obligations"); Alexander v. JP Morgan Chase Bank, 19-CV-10811, 2024 WL 2866982, at *1 (S.D.N.Y. June 5, 2024) (denying application when it lists "no average monthly expenses, listing $0 for all categories, including categories such as 'food,' 'transportation,' and 'medical and dental expenses'"); see also Basta v. Comm'r of Soc. Sec., 21-CV-0896, 2021 WL 1108667, at *1 (E.D.N.Y Mar. 23, 2021) (denying in forma pauperis motion where application was "incomplete and raise[d] more questions than it answer[ed]")

With these principles in mind, after reviewing Johnson's application, it lacks the information this Court need to determine whether he qualifies for in forma pauperis status. Johnson's application lists a total "[i]ncome amount expected next month" of $1,078 dollars. Doc. 4 at 1–2. Johnson states that he receives $998 dollars in disability payments and $80 dollars from employment at "The District," a job he "[j]ust started."[1] Id. But under the section that asks Johnson to estimate his average monthly expenses for himself and his family, Johnson lists $0 for every category, including "Rent," "Utilities," "Home maintenance," "Food," "Clothing," "Laundry and dry-cleaning," "Medical and dental expenses," "Transportation," as well as "Recreation, entertainment, newspapers, magazines, etc." Id. at 4.

Taking Johnson's application at face value, "unlike many litigants seeking in forma pauperis status," Johnson has a significant positive monthly cash flow. Stephens, 2024 WL 4008236, at *2. But this Court is not ignorant of the reality that no one can subsist without incurring some necessary expenses for food, clothing, and shelter. Johnson's application neither lists any expenses for these necessities nor explains how he obtains these items without paying for them. Absent this information, it is unclear whether Johnson's income is offset by any expenses, and if so, by how much. Put differently, "he has provided vague and/or incomplete responses to requests for relevant information" on his application. Id. As a result, this Court is unable assess whether it should exercise its discretion to grant Johnson's motion. To scrutinize Johnson's application in a manner faithful to this Court's duty, it must make its decision on "a

---

[1] The application asks Johnson to list employment history for the past two years. Doc. 4 at 2. Johnson submitted his application on November 5, 2024. Based on a cursory review of the supplement accompanying his Complaint, he claims to have been employed by both Days Inn Hotel and Short Staffed Inc. within that two-year window but fails to include that information in his employment history. Doc. 3 at 3. By not providing a full and accurate employment history, Johnson has left his application incomplete.

3

full, accurate, and current description of [Johnson's] financial situation." Gooch, 2023 WL 8696337, at *1.

Even though Johnson has been granted in forma pauperis status before,[2] that alone does not guarantee in forma pauperis status again. Courts must redetermine eligibility for in forma pauperis "status each time a new petition is filed." Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988) (citing Carter v. United States, 733 F.2d 735, 737 (10th Cir. 1984)). Additionally, this Court has a duty, as well as the inherent power, to restrict a litigant's ability to commence litigation in forma pauperis when that privilege is misused. The United States Supreme Court has explained:

> [T]he Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a greater capacity than most to disrupt the allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions.

In re Sindram, 498 U.S. 177, 179–80 (1991) (citing In re McDonald, 489 U.S. 180, 184 (1989)); see also In re Tyler, 839 F.2d 1290, 1292–93 (8th Cir. 1988) (per curiam). This Court does not uphold that duty by blindly granting applications to proceed in forma pauperis that are incomplete or filled out in a vague, half-hazard manner. At the very least, the goal of fairly dispensing justice requires a litigant to thoughtfully and accurately respond to each question on the in forma pauperis application. Given his extensive history of proceeding in forma pauperis, Johnson should know

---

[2] A search of "Charles Ray Johnson" within CM/ECF reveals that Johnson has initiated twenty-eight federal lawsuits (including this one) in the District of South Dakota between 2018 and 2024. In twenty-four of those cases, he has requested and been granted in forma pauperis status. Two cases were dismissed for Johnson's failure to either pay the filing fee or file an application to proceed in forma pauperis, and in one case, his motion to proceed in forma pauperis was denied as moot.

to provide complete and accurate answers for all requested information. Thus, Johnson's application to proceed in forma pauperis shall be denied without prejudice.

**II.     Conclusion**

For these reasons, it is hereby

ORDERED that Johnson's Motion for Leave to Proceed in Forma Pauperis, Doc. 4, is denied without prejudice; the application is incomplete and does not provide enough information for this Court to accurately assess his ability to pay the filing fee in a civil case. If Johnson wants to proceed with his claims, he must pay the $405 filing fee to the Clerk of Court for the United States District Court for the District of South Dakota or file an amended application showing that he qualifies to proceed in forma pauperis by May 20, 2025. If Johnson submits an amended application, it must contain full and accurate responses to each question on the form, including, but not limited to, all income, past employment history, and expenses. If Johnson does not pay the filing fee or submit an amended application by May 20, 2025, his claims shall be dismissed without prejudice, any pending motions shall be denied as moot, and the case closed. It is further

ORDERED that the Clerk of Court shall send Johnson a blank Long Form Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239).

DATED this __7__ day of May, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE